**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARCOS SAUCE GORDILLO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-2666** |
| | : | |
| **JOHN RIFE, JAMAL LAWRENCE** | : | |
| **JAMISON, TODD LYONS,** | : | |
| **MARKWAYNE MULLIN, TODD** | : | |
| **BLANCHE** | : | |

## ORDER

**AND NOW**, this 27th day of April 2026, upon considering an incarcerated man's Petition for habeas corpus (ECF 1) seeking release from custody at the Federal Detention Center Philadelphia after appearing for an unrelated state court matter after his presence in the United States for over twenty-five years, the United States' timely Response (ECF 5), carefully considering the uncontested allegations regarding Petitioner's presence in our District and Respondents do not claim Petitioner is a danger to person or property or a flight risk, mindful the United States repeats the same arguments denied by us and our colleagues from several earlier similar petitions, and finding, as we already found and our colleagues in now hundreds of cases nationwide have found before us facing similar fact patterns,[1] Respondents detain Petitioner in violation of the Constitution and the laws of the United States and the Respondents applying Congress's clear direction in 8 U.S.C. § 1225(b)(2) to non-citizens such as the Petitioner is unlawful leading us to be persuaded by our colleagues' extensive analysis (well known to Respondents) and allowing us to find the Petition (ECF 1) is reviewable, we read Congress's mandate in section 1225(b)(2) narrowly,[2] and there is no basis for mandatory detention but Petitioner may be subject to the discretionary detention explained by Congress in 8 U.S.C. §

1226(a) after a bond hearing, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1.      Petitioner Marcos Sauce Gordillo is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.      Respondents shall **forthwith** release Petitioner Marcos Sauce Gordillo from federal government custody and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **5:00 PM EST** on **April 27, 2026**;

3.      Respondents are temporarily enjoined from re-detaining Marcos Sauce Gordillo until no earlier than **May 13, 2026** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Mr. Sauce Gordillo with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

4.      Respondents cannot remove, transfer, or otherwise facilitate the removal of Mr. Sauce Gordillo from the Eastern District of Pennsylvania before an ordered bond hearing, but if a duly authorized under law immigration judge with jurisdiction finds Mr. Sauce Gordillo is subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Mr. Sauce Gordillo from this District for unforeseen or emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Mr. Sauce Gordillo; and,

5.      We **direct** the Clerk of Court **CLOSE** this case.

_____
**KEARNEY, J.**

2

<hr>

[1] *See e.g. Holguin Velez v. Jamison*, No. 26-1918, 2026 WL 893679, at *1 (E.D. Pa. Apr. 1, 2026) (Scott, J.); *Torres Jimenez v. McShane*, No. 26-1871, 2026 WL 811680, at *1 (E.D. Pa. Mar. 24, 2026) (Sánchez, J.) (collecting cases); *Teletor Jimenez v. Bondi*, No. 26-1698, 2026 WL 800952, at *2 (E.D. Pa. Mar. 20, 2026) (Hodge, J.); *Beridze v. Jamison*, No. 26-1611, 2026 WL 766171, at *2-5 (E.D. Pa. Mar. 18, 2026) (Rufe, J.); *Noicy v. Jamison*, No. 26-1388, 2026 WL 637635, at *2 & n.1 (E.D. Pa. Mar. 6, 2026) (Sánchez, J.) (collecting cases); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

The United States concedes all decisions in this District addressing the issues raised here are adverse to the United States' position, but cites a recent decision by the United States Court of Appeals for the Fifth Circuit, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), agreeing with the United States' position all non-citizens present in the United States without lawful admission are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See* ECF 5 at 5–6. Judge Sánchez and Judge Wolson recently declined to follow *Buenrostro-Mendez*, noting recent decisions from our colleagues in this District. *See Noicy*, 2026 WL 637635, at *3 & n.3 (collecting cases) and *Hasanboy Olimov v. Jamison*, No. 26-532, 2026 WL 596155, at *3-4 & n.10 (E.D. Pa. Mar. 3, 2026) (Wolson, J.) (collecting cases). Judge Sánchez declined to follow *Buenrostro-Mendez*, noting the United States did not seek expedited review of the mandatory detention without bond hearing issue in our Court of Appeals until recently despite successfully seeking expedited review months ago in the Fifth, Sixth, Eighth, and Eleventh Circuits. *Lopez Lopez v. Jamison*, No. 26-1539, 2026 WL 688304, at *2 & nn. 2, 3 (E.D. Pa. Mar. 11, 2026); *see also Menendez Ordonez v. Jamison*, No. 26-1683, 2026 WL 782165, at *3 (E.D. Pa. Mar. 19, 2026) (Rufe, J.) (rejecting the reasoning of *Buenrostro-Mendez*). The United States noted its appeals in two matters, now consolidated, are pending in our Court of Appeals on an expedited basis scheduled for disposition during the week of May 11, 2026. ECF 5 at 5–6 n.6.

The United States notes it is not currently making jurisdictional arguments as in earlier responses in other cases in the District. ECF 5 at 4 n.5. The United States refers us to our Court of Appeals' January 15, 2026 decision in *Khalil v. President, United States of America*, 164 F.4th 259 (3d Cir. 2026). In *Khalil*, our Court of Appeals considered whether the district court had jurisdiction over Mr. Khalil's immigration habeas petition. The court held the district court had jurisdiction over the habeas petition. The court then considered a second question; whether the Immigration and Nationality Act stripped the district court of subject matter jurisdiction over Mr. Khalil's challenge to removal proceedings under 8 U.S.C. § 1252(b)(9). *Id.* at 265, 273–74. Our Court of Appeals held the Act divested the district court of subject matter jurisdiction. *Id.* Since the *Khalil* decision, our colleagues have distinguished the facts in *Khalil*—where Mr. Khalil challenged both his removal and detention while removal proceedings pended, from cases where habeas petitioners challenge the legality of detention, concluding we have jurisdiction over habeas claims challenging the United States' authority to detain without a bond hearing. *See Gagiev v. Rose*, No. 26-169, 2026 WL 657739, at *7 (E.D. Pa. Mar. 9, 2026) (Murphy, J.); *Hasanboy Olimov*, 2026 WL 596155, at *2 & n. 6 (collecting cases). Mr. Sauce Gordillo today challenges his detention without a bond hearing. We, like our colleagues, conclude we have jurisdiction over Mr. Sauce Gordillo's petition.

[2] The United States provided us with a four-category break down of habeas petitions by immigration detainees challenging the authority of the Department of Homeland Security to detain

them, including three categories of cases where the Department uses 8 U.S.C. § 1225(b)(2)(A) to detain them without a bond hearing. ECF 5 at 1–2. The United States agrees the Department detained Mr. Sauce Gordillo under 8 U.S.C. § 1225(b)(2)(A). *Id.* at 3 (describing Mr. Sauce Gordillo's case as a "*Hurtado*" case referring to the Board of Immigration Appeals' ("BIA") decision in *Matter of Hurtado*, 29 I & N. Dec. 2016 (BIA 2025)). We, like our colleagues, find the *Hurtado* analysis does not compel detention under the "applicant for admission" and "seeking admission" language of 8 U.S.C. § 1225(b)(2) as argued by the United States. *See e.g. Meireles de Oliveira v. Jamison*, No. 26-1246, 2026 WL 751946, at *2 (E.D. Pa. Mar. 16, 2026) (Hodge, J.) (collecting cases); *Cardoso Rodrigues v. Jamison*, No. 26-1407, 2026 WL 676468, at *3–4 (E.D. Pa. Mar. 10, 2026) (Costello, J.); *Gagiev*, 2026 WL 657739 at *5–6 (Murphy, J.); *Francisco v. Jamison*, No. 26-1321, 2026 WL 607988, at *2 (E.D. Pa. Mar. 4, 2026) (Henry, J.); *Hansaboy Olimov*, No. 2026 WL 596155, at * 4-5 (Wolson, J.). Mr. Sauce Gordillo entered the United States in 2000 as a minor, received Deferred Action for Childhood Arrivals status, and has two minor United States citizen children. ECF 1 ¶¶ 1–2, 22–25.

The United States asserts Mr. Sauce Gordillo's Deferred Action for Childhood Arrivals status expired and no renewal application remains pending, citing Exhibit A. ECF 5 at 3–4 n.4. But Exhibit A—three pages, including one blank—contains no reference to any status expiration or the absence of a pending renewal. ECF 5-1. The record as presented does not support the United States' assertion. The United States' additional reference to the Form I-130 age requirement is inapposite. ECF 5 at 3–4 n.4. Mr. Sauce Gordillo invokes potential eligibility for cancellation of removal under 8 U.S.C. § 1229b(b)(1) which permits reliance on qualifying relatives including minor United States citizen children. *See* 8 U.S.C. § 1229b(b)(1).